———o———

ALBERT DAVIS, Respondent, *vs.* JOHN FAIRCLOUGH, Appellant.

1. *Sale of chattel—Cancellation of—Bankruptcy—Assignee's sale—Measure of damages.*—Where part of the purchase money for a chattel being unpaid, the parties to the sale agree to its cancellation, and re-delivery of the property to the vendor, and the vendee afterwards takes possession of the property, for sale by him as agent for the vendor, and while the vendee so holds it he is declared bankrupt, the vendor may recover its value from the purchaser at sale by the assignee, of which sale the vendor has no knowledge. And his measure of damages will be the value of the chattel at the time of suit, with six per cent. interest.

2. *Instructions—Evidence, refusal of.*—Instructions not based on evidence are properly refused.

*Appeal from Buchanan Circuit Court.*

*W. H. Sherman, with Fred. T. Ledergerber,* for Appellant.

*Allen H. Vories,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This action was to recover the value of two boilers, alleged to have been converted by the defendant to his use.

There was proof to show that the plaintiff sold the boilers to one Smale, of the firm of Smale & Hinds, dealers in such articles in St. Joseph, for $400 ; that $50 was paid ; but that Smale & Hinds, not being able to pay the remaining $350 due, agreed to forfeit the $50 advanced, and cancel the bargain, and re-deliver the boilers to plaintiff ; and that plaintiff should leave the boilers in their yard for them to sell, and whatever purchase money they could get over $350, was to be divided between the plaintiff and said firm.

There was also evidence to show that this sale to Smale and Hinds was not canceled, but that plaintiff still regarded them as indebted to him for the $350 due on the boilers.

The firm of Smale and Hinds were declared bankrupts, the boilers were taken by the assignee, as a part of the assets, and sold to the defendant.

The court instructed the jury in substance, that if they believed the original sale to Smale & Hinds was canceled, and the firm had possession as mere agents of plaintiff for sale, they would find for the plaintiff, and assess his damages at the value of the boilers at the date of the bringing of the suit, and interest at six per cent., that the sale in bankruptcy would not divest plaintiff's title.

The court further instructed the jury, for the defendant, that if they were satisfied that plaintiff delivered the boilers to Smale, under an agreement by which Smale was to pay $400, and Smale paid a part of said purchase money, and agreed to pay the remainder, then the title was transferred to Smale, and unless they further believed that afterwards said Smale transferred and delivered said boilers to plaintiff, and that plaintiff took possession of said boilers, they would find for defendant. And the court further instructed the jury, that if plaintiff sold the boilers to one Smale, who paid Davis (the plaintiff) $50 on them, and agreed to pay the remainder, and under this agreement the boilers were delivered to Smale, and that before said remaining payments were made, and before any re-delivery, Smale and his co-partner be-

came bankrupts, and the boilers were sold by their assignee, the verdict must be for defendant.

An instruction was asked by defendant, that if plaintiff knew of the action of the assignees in bankruptcy in taking possession of these boilers, as the property of Smale and Hinds, and selling the same, and made no claim, then he was not entitled to recover; but this instruction was refused.

The verdict was for the plaintiff, and the judgment accordingly.

We can see no grounds whatever for interfering with the judgment. The evidence was contradictory, and the instructions of the court left it entirely to the jury to determine which statement of the facts they would believe, and the jury thought proper to believe the plaintiff's statement. The instruction refused in regard to the plaintiff's knowledge of the sale, etc., was not based on any evidence. The plaintiff was not present at the sale and knew nothing of it. He knew of the bankruptcy, but this did not necessarily imply any knowledge that the assignee was about to sell property that he claimed as his own.

The judgment is affirmed; the other judges concur; Judges Vories and Wagner absent.